UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN GRIVEAS

                Plaintiff,

-vs-

                                          Civil Action No. _____

NORTHSTAR LOCATION SERVICES, LLC,

                Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  INTRODUCTION**

1. This is an action for actual and statutory damages brought by an individual consumer in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II.  JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district court under 28 U.S.C. § 1391(b) in that Defendant transacts business here and the conduct complained of occurred here.

**III.  PARTIES**

4. Plaintiff, John Griveas, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Northstar Location Services, LLC ("Defendant") is a New York limited liability company and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff incurred a debt to Kay Jewelers. That debt will be referred to as "the subject debt."

10. The subject debt arose out of a transaction in which the money, property or services which were the subject of the transaction were primarily for personal, family and/or household purposes. As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff defaulted on the subject debt.

12. Upon information and belief, Defendant was employed to collect on the subject debt.

13. On December 17, 2008, Defendant left a voice message on Plaintiff's home answering machine (the "December 17, 2008 Communication"), even though Plaintiff's home answering machine message does not reference any personal identification to his phone number or name.

14. In the December 17, 2008 Communication, Defendant mentioned "an important business matter," but failed to disclose the existence of a debt and failed to give notice

that the call was from a debt collector who was attempting to collect a debt and that any information obtained would be used for that purpose.

15. On December 26, 2008, Defendant contacted Plaintiff on his personal cell phone (the "December 26, 2008 Communication").

16. During the December 26, 2008 Communication, Defendant failed to disclose its identity, affiliation with a collection agency, or the true purpose of the call when directly asked by Plaintiff. Rather, Plaintiff was told that Defendant was a location service. Further, after denying any association with a collection agency, Defendant made a demand for payment on the subject debt. Upon Plaintiff's refusal to make payment on the subject debt, Defendant terminated the conversation.

17. On December 29, 2008, Defendant left two (2) telephone voice messages for Plaintiff — one on his personal cell phone and one on his home answering machine (the "December 29, 2008 Communications").

18. In both of the December 29, 2008 Communications, Defendant failed to disclose that the call was from a debt collector, that it was an attempt to collect a debt and that any information obtained would be used for that purpose.

19. As a result of Defendant's conduct, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

### V.   FIRST CAUSE OF ACTION

20. Plaintiff repeats and realleges paragraphs 1 through 19 with the same force and effect as if fully set forth herein.

21. The December 17, 2008 Communication was a "communication" within the definition provided by 15 U.S.C. § 1692a(2) by Defendant's use of the telephone message to convey to Plaintiff information regarding a debt.

22. The December 17, 2008 Communication was the first communication from Defendant.

23. In the December 17, 2008 Communication, Defendant failed to disclose that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

24. Defendants violated the FDCPA, 15 U.S.C. § 1692e(11) in the December 17, 2008 Communication, by failing to disclose in the initial communication that the call was from a debt collector, that it was an attempt to collect a debt, and that any information obtained would be used for that purpose.

25. As a result of Defendant's violation of the FDCPA, Plaintiff suffered actual damages, including becoming nervous, upset and anxious, and suffering emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

## VI.   SECOND CAUSE OF ACTION

26. Plaintiff repeats and realleges paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. The December 26, 2008 Communication was a "communication" within the definition provided by 15 U.S.C. § 1692a(2) by Defendant's use of the telephone to convey to Plaintiff information regarding a debt.

28. The December 26, 2008 Communication was the second communication from Defendant.

29. During December 26, 2008 Communication, Plaintiff inquired whether Defendant was a debt collector and calling from a third party collection agency.

30. Defendant denied that it was a debt collector and falsely represented to Plaintiff that it was a "location agency."

31.   Prior to terminating the December 26, 2008 Communication, Defendant's collector made a demand for payment of the subject debt.

32.   Defendant violated the FDCPA, 15 U.S.C. § 1692e(10) during the December 26, 2008 Communication by using a false representation that it was a location agency and by using deceptive practices to collect the alleged debt.

33.   Defendant also violated the FDCPA, 15 U.S.C. § 1692e(11) during the December 26, 2008 Communication by failing to disclose that it was a debt collector.

34.   Finally, Defendant violated the FDCPA, 15 U.S.C. § 1692f(5) during the December 26, 2008 Communication by using unfair or unconscionable means to collect the alleged debt by causing Plaintiff cell phone charges.

35.   As a result of Defendant's violations of the FDCPA, Plaintiff suffered actual damages, including becoming nervous, upset and anxious, and suffering emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

### VII.   THIRD CAUSE OF ACTION

36.   Plaintiff repeats and realleges paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37.   The December 29, 2008 Communications were each a "communication" within the definition provided by 15 U.S.C. § 1692a(2) by Defendant's use of a telephone message to convey to Plaintiff information regarding a debt

38.   The December 29, 2008 Communications were not the initial communications from Defendant.

39.   The FDCPA, 15 U.S.C. § 1692e(11), requires that all communications from debt collectors following the initial communication must disclose that the communication is from a debt collector.

40. Neither of the December 29, 2008 Communications disclosed that the call was from a debt collector.

41. Defendant violated the FDCPA, 15 U.S.C. § 1692e(11) in the December 29, 2008 Communications, by failing to disclose that the communication was from a debt collector.

42. As a result of Defendant's violations of the FDCPA, Plaintiff suffered actual damages, including becoming nervous, upset and anxious, and suffering emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants, jointly and severally, for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(d) Such other and further relief as the Court deems just and proper.

## VIII.  JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: April 6, 2009
       Tonawanda, New York

BLAIR & ROACH, LLP

By:  s/ David L. Roach
David L. Roach, Esq.
J. Michael Lennon, Esq.
Attorneys for Plaintiff
2645 Sheridan Drive
Tonawanda, New York 14150
Telephone:  (716) 834-9181
E-Mail:  dlroach@blair-roach.com
         jmlennon@blair-roach.com

## VERIFICATION OF COMPLAINT AND
## CERTIFICATION BY PLAINTIFF

Plaintiff John Griveas hereby affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil action.

2. I have read the foregoing civil Complaint prepared by my attorneys and believe that all of the facts contained therein are true, to the best of my knowledge, information and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth therein.

Dated: April 6, 2009

s/John Griveas
John Griveas